# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS LOE | § | |
| | § | Civil Action No. 4:18-CV-499 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| COMMISSIONER, SSA | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 17, 2019, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #15), and Defendant's Response (Dkt. #17), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Relevant herein, Plaintiff's opening brief argues that the ALJ failed to properly evaluate the treating source opinion of Dr. J. Michael Benson ("Dr. Benson") because the ALJ did not conduct a Section 404.1527(c) factor analysis prior to assigning Dr. Benson's opinion little weight (Dkt. #9 at pp.12–18). The Magistrate Judge agreed that a factor analysis was required; but,

recommended affirming the decision of the Commissioner because the ALJ narratively considered such factors:

> While the ALJ's opinion contains a line stating that the evidence was reviewed in accordance with the regulations, this statement on its own is not sufficient. However, coupled with the remaining text of the decision, it is clear that in the instant case the ALJ did consider each of the factors. Specifically, the ALJ considered and discussed in the decision the (1) length of the physician's treatment of Plaintiff, (2) the physician's frequency of examination, and (3) the nature and extent of the treatment relationship by reciting the details and diagnoses of each of the appointments between Plaintiff and Dr. Benson during the treating relationship. The record also shows the ALJ considered (4) the support of the physician's opinion afforded by the medical evidence of record and (5) the consistency of the opinion with the record as a whole. Because the ALJ's decision clearly contains consideration of the relevant factors, Plaintiff has failed to meet his burden of establishing that the ALJ's decision was unsupported by substantial evidence. Accordingly, the Court finds that the ALJ sufficiently analyzed the relevant factors and that remand is not required on this issue; the Commissioner's dismissal of Plaintiff's disability claim should be affirmed.

(Dkt. #14 at pp. 16–17) (internal quotations and citations omitted). Plaintiff objects to the report's suggestion that the ALJ's narrative summation of the medical evidence is sufficient (Dkt. #15 at pp. 3, 5), and further contends that the ALJ failed to provide the "detailed analysis" required by *Newton* (Dkt. #15 at pp. 5–6). In support of his position, Plaintiff cites to several cases from outside of the Fifth Circuit (Dkt. #15 at p. 3, n.16) and quarrels with two opinions cited by the Magistrate Judge from other Texas federal courts (Dkt. #15 at pp.6–7). The views of courts outside this circuit are merely persuasive authority and do not bind this Court. As demonstrated by the report, numerous district courts in this Circuit have held that a narrative discussion is sufficient to comply with *Newton* (Dkt. #14 at pp. 15–17). Although Plaintiff objects that *Motley v. Berryhill*, No. 3:18-cv-90, 2019 WL 1060894 (S.D. Tex. Jan. 25, 2019), and *Birge v. Colvin*, No. 3:12-cv-1777-G (BH), 2013 WL 5526695 (N.D. Tex. Sept. 30, 2013), are distinguishable from the instant case (Dkt. #15 at pp. 6–7), the Court disagrees. Both cases found that a narrative discussion of the *Newton* factors was sufficient, and an explicit recitation was not necessary. *Motley*, 2019 WL

1060894, at *4-5; *Birge*, 2013 WL 5526695, at *15-17. The *Motley* Court additionally found that a narrative discussion of the factors constituted a "detailed analysis" under *Kneeland v. Berryhill*. 2019 WL 1060894, at *5, n.2. Moreover, the Fifth Circuit itself has indicated that a narrative discussion of the relevant factors is adequate consideration. *See, e.g.*, *Vybiral v. Barnhart*, 73 F. App'x 84, at *1 (5th Cir. 2003) (per curiam) (holding that the ALJ "specifically considered the *Newton* factors" when the ALJ included a discussion of the physician's qualifications, number of times he saw the claimant, and concluded that the physician's opinion was inconsistent with the record as a whole); *Jones v. Colvin*, 638 F. App'x 300, 304-05 (5th Cir. 2016) (per curiam).

*Newton* requires only that the ALJ "consider" each of the Section 404.1527(c) factors, the ALJ need not explicitly recite each factor in the decision. 209 F.3d at 456; *see also Castro v. Colvin*, No. 1:15-cv-1, 2017 WL 1086292, at *1 (E.D. Tex. Mar. 21, 2017) (Crone, J.); *Bryce v. Colvin*, No. 9:13-cv-28, 2014 WL 4078645, at *2-3 (E.D. Tex. Aug. 15, 2014) (Clark, J.). Here such consideration was evident: the ALJ recognized Dr. Benson as Plaintiff's treating physician; outlined each of Plaintiff's treatment visits and the total length of Dr. Benson's and Plaintiff's treatment history; specifically indicated that Dr. Benson's treatment notes failed to support his opinion that Plaintiff was disabled; and further noted that Plaintiff took no medication, declined additional treatment, and objective examinations were relatively normal (Dkt. #14 at p. 17; TR pp. 19–22). Accordingly, the Court overrules Plaintiff's Objections.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #15), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #14) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 20th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE